CLARA INLOES, Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

Kansas City Court of Appeals, November 7, 1904.

LIFE INSURANCE: Lapsed Policy: Surrender Endowment. On a review of the evidence, the judgment of the trial court allowing a demurrer to the evidence is affirmed.

Appeal from Vernon Circuit Court.—*Hon. O. H. Hoss,* Special Judge.

AFFIRMED.

*J. N. Coil* for plaintiff.

*Scott & Bowker* for respondent.

SMITH, P. J.—This is an action on two policies of life insurance. The case is this: The defendant on or about the nineteenth day of September, A. D., 1899, in consideration of the payment by the plaintiff to the defendant of an annual premium of $69.92 in four equal installments upon the nineteenth day of March, June, September and December of each year during the continuance of said policies, until fifteen full years' premiums should have been paid, agreed to pay the sum of $1,000 to plaintiff provided she lived until that date and if she died during the fifteen years while the said policies were in force the defendant agreed to pay the said sums to her executors and assigns. It was stipulated in said contracts that in the event the plaintiff became unable to pay said payments and the same became lapsed, after having been in force for two full years, for the non-payment of any premium, that the same might be surrendered for paid-up endowment policies for the sum of $67 each, the same to mature at the same time and in the same manner as the original policies would have matured if the premiums were kept in force, upon the further condition that the insured make application therefor and surrender said policies within three months after said policies became lapsed. It appears that after said policies had been in force two full years that she became unable to longer pay said premiums and that said policies became lapsed; that within three months after the said policies became lapsed, the plaintiff made application for such paid-up endowment policies.

It is the plaintiff's contention that although she made application to defendant for the paid-up endowment policies within three months after the lapse of said original policies that it—defendant—had refused

to issue and deliver to her said paid-up endowment policies by reason of which she was damaged in the sum of $134, the surrender value of said policies under the terms and provisions thereof. The defendant, on the other hand, contends that the plaintiff was properly denied a recovery for the reason that it nowhere appears from any evidence adduced that the plaintiff within the three months required by the policies surrendered them to defendant.

It must be conceded that the plaintiff made application for the endowment policies within the three months required. From the written correspondence introduced in evidence by plaintiff it seems that during the currency of the time the plaintiff could have surrendered her policies she elected to avail herself of the extended insurance feature thereof instead of taking a paid-up endowment policy. And this, no doubt, accounts for her omission to surrender her policies. It was expressly provided in the policies that after the lapse, the plaintiff was entitled to a paid-up endowment policy for a specific amount if she made application therefor and *surrendered the policies within three months next after such lapse.* This was in the nature of a condition precedent, without the performance of which by the plaintiff she was in no situation to claim damages for a breach of the policy stipulations just referred to. The plaintiff, under the provisions of the policy, on failing to avail herself of the paid-up endowment feature of her policies was entitled to an extended insurance of four years and 185 days from the lapse of the policies. It thus appears that the plaintiff did not receive a paid-up endowment policy, yet she was, nevertheless, protected by the other provision of her policies.

Complaint is made of the action of the court in rejecting certain offers of evidence made by plaintiff, but it does not appear that if such offers had been received the result would have been different.

The court on defendant's demurrer to the plaintiff's evidence ruled as a matter of law that the latter was not entitled to recover, and in that ruling we discover no error. Accordingly, we affirm the judgment. All concur.